G. W. SETZER v. R. M. DOUGLASS.

*Removal of Causes—Jurisdiction.*

An action for a breach of a contract entered into between a United States marshal and his deputy, by which the former agreed to pay the latter a certain portion of fees received, is cognizable in the state court, and it was error in the judge to remove the same to the federal court for trial. The action is to enforce an alleged individual obligation, and does not come within the scope of the statutes in reference to removal of causes.

MOTION to remove a cause heard at Fall Term, 1884, of CATAWBA Superior Court, before *Gilmer, J.*

The defendant filed his petition to remove the case to the circuit court of the United States at Greensboro, for trial. His Honor granted the prayer and the plaintiff appealed.

*Mr. M. L. McCorkie,* for plaintiff.
No counsel for defendant.

SMITH, C. J. The cause of action stated in the complaint arises out of an alleged breach of contract entered into between the parties under which the defendant, then being marshal of the United States for the western district of North Carolina, appointed the plaintiff his deputy and agreed to pay him a certain portion of the fees earned in the service of the latter when received by the former, stated to be three-fourths of the aggregate amount. The gravamen of the complaint is the defendant's refusal to account for and pay over the portion claimed by the plaintiff.

The answer admits the appointment and the rendition of service under contract, but avers that the defendant agreed to pay over to the plaintiff not two-thirds of the sum, but one-half only, when received by the defendant, after being

passed on and allowed by the proper authorities of the government, and the obligation of the defendant was contingent upon the allowance; that some of the charges have been approved and others as yet not acted on, and that when the plaintiff is charged with what he has received and has improperly retained, there will be found nothing due him.

After the pleadings were put in and at the next fall term, 1884, of the superior court of Catawba, the defendant made application for the removal of the cause, gave bond and filed his petition, wherein, among other allegations not necessary to be noticed, he says that he was marshal of the United States for said district and that the services for which compensation is demanded, were rendered by the plaintiff as his deputy and are official, and that the plaintiff became entitled therefor to a rate of remuneration not exceeding two-thirds of the amount of the charges when passed on and approved by the attorney general and paid over to the petitioner, and that the defendant's liability, if it exists for any unpaid residue, is entirely official and contingent.

The application was granted and the following judgment rendered:

"On the pleadings and proceedings in the above entitled action, and on the petition and bond filed herein by the defendant under the statutes of the United States, and on motion of the attorney for defendant, it is ordered that the security offered by defendant, be accepted and said bond approved, and that the state court proceed no further in this cause, and the cause be removed into the United States circuit court at Greensboro in the western district of North Carolina."

From this judgment the plaintiff's appeal brings up its correctness for review.

The statute upon which this ruling is based is not specifically pointed out, and we have had no argument upon the hearing in support of the action of the court in suspending

further proceedings and transferring the cause to a federal jurisdiction.

The enactment found in section 643 of the Revised Statutes of the United States, commented on in the argument for the appellant, furnishes no support to the order, for this statute only provides for the removal of a civil suit or criminal prosecution instituted in a state court " against an officer appointed under or acting by authority of any revenue law of the United States, or against any person acting under or by authority of any such officer, or on account of any act done under color of his office or of any such law, or on account of any right, title or authority claimed by such officer or other person under any such law."

The statute is intended, so far as we have recited its language (and the residue of it applies to matters connected with the exercise of the elective franchise) to protect persons engaged in the enforcement of the revenue laws from interference by suits commenced in the state courts while in discharge of official duty, and does not extend to the present case.

Nor do we find any support afforded to the order in the act of March 3rd, 1875. In this the removal may be made in cases when the matter in dispute in the suit arises " under the constitution or laws of the United States or treaties made or which shall be made under their authority." Sup. Rev. Stat. U. S., ch. 137, § 2.

Or where the title to land is in controversy in a suit between citizens of the same state, and one or more of the plaintiffs or defendants shall state to the court, or on affidavit if required, that " he or they claim and shall rely upon a right or title to the land under a grant from the state," and it shall be ascertained in the mode therein prescribed that the adversary party claims under a grant from some other state, § 3.

The present action comes within the scope of none of these statutory provisions, for the controversy is not with

those employed in executing the revenue law, nor does it question any right or claim under the constitution, laws or treaties of the general government, nor does it obstruct or impede any officer or person engaged in executing the laws of the United States.

The action rests upon contract and is entirely personal to the defendant, as much so as if he were not an officer of the United States when he made it. It is to enforce this individual obligation and to compel payment to the plaintiff of his share of the *moneys* when and not before they are received by the defendant and are at his absolute disposal. It does not propose to interfere with the supervisory power reposed in the higher authorities to pass upon the charges made by its subordinate officers and agents. There is no reason why the defendant should not be held liable for a violated voluntary agreement of his, if indeed there has been any violation, as much as any other person who may have subjected himself to an action.

The suit must, in part at least, remarks WAITE, C. J., in *Gold Wash. & Water Co.* v. *Keyes,* 96 U. S. Rep., 199, arise out of a controversy between the parties in regard to the operation and effect of the constitution or laws upon the facts involved.

The previous adjudications cited in the opinion sustain this construction, and, as the words of Chief Justice MARSHALL used in deciding *Cohens* v. *Virginia,* 6 Wheat., 379, " a case may be truly said to arise under the constitution or a law of the United States whenever its correct decision depends upon either," or " where the right or title set up by the party may be defeated by one construction of the constitution or law of the United States or sustained by the opposite construction." *Osborne* v. *Bank of United States,* 9 Wheat., 822.

The more recent case of *Albright* v. *Teas,* 106 U. S. Rep.,

613, is, in its essential features and in principle, that before us.

It is clear, says Mr. Justice WOODS, from an inspection of the bill and answers (it was a suit in equity), that the case is founded upon an agreement in writing between the appellee and the appellants, Albright and Clairborn, by which the former for a consideration therein specified transferred to the latter his interest in certain letters patent. The suit was brought to recover the consideration for this transfer, and was not based on the letters patent.

The cause had been removed from a state to the circuit court of the United States, and was remanded. This ruling was affirmed by the supreme court.

We are therefore clearly of opinion that there is error in the refusal to proceed in the superior court, and the order of removal and the ruling are reversed. This will be certified to the end that the cause may proceed in the court below.

Error.                                                    Reversed.